HEATHER E. WILLIAMS, #122664
Federal Defender
HANNAH R. LABAREE, #294338
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700/Fax: 916-498-5710


Attorneys for Defendant
ALYSSA LYNN NAKAMURA PRICE

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-00216-GEB |
|---|---|
| Plaintiff, | STIPULATION AND ORDER VACATING TRIAL CONFIRMATION AND TRIAL DATES, SETTING A STATUS CONFERENCE, AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| ALYSSA LYNN NAKAMURA PRICE, | Court: Hon. Garland E. Burrell, Jr. |
| Defendant. | |

**STIPULATION**

1. By previous order, this matter was set for a jury trial on January 21, 2019, and a trial confirmation hearing on December 6, 2019.

2. By this stipulation, Defendant ALYSSA LYNN NAKAMURA PRICE, and the United States of America ("government"), by and through counsel of record, hereby request that the Trial Confirmation Hearing date of December 6, 2019 and Trial Date of January 21, 2020 be vacated and the matter be set for a status conference on January 17, 2020.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes financial records, summaries of interviews, and other documents associated with a lengthy interstate financial and drug investigation. This discovery has been either

produced directly to counsel and/or made available for inspection.

  b) On October 11, 2019, co-defendant Zachery Bastien pleaded guilty to Count One of the Superseding Indictment charging conspiracy to structure monetary transactions in violation of 18 U.S.C. § 371. Bastien pleaded guilty in the case related Case Nos. 2:16-CR-216 GEB, 2:16-CR-224 GEB, 2:16-CR-225 GEB, and is currently scheduled to be sentenced in January 2020. Bastien's plea agreement included a cooperation provision. Following Bastien's guilty pleas, the government provided in discovery additional discovery pertaining to financial transactions and interviews conducted in this case.  This discovery has been either produced directly to counsel and/or made available for inspection.

  c) Following co-defendant Bastien's plea in this case, counsel for the defense has met and conferred on multiple occasions with counsel for the government to discuss the possibility of resolving the current indictment against Ms. Price. Those discussions have been fruitful and have given rise to additional investigation by the defense, in service of resolving the case. The parties continue to negotiate the case toward a non-trial resolution.

  d) Whereas, defense counsel desires additional time after counsel's review and investigation of all the discovery provided by the United States to aid in the preparation of his/her respective client's defense and otherwise advise the client on the ramifications of accepting or rejecting any plea offer made to the client.

  e) Whereas, there are currently three defendants remaining who are scheduled for trial in this case, although the number of defendants who actually proceed to trial may change; and

  f) Whereas, the criminal conspiratorial acts charged in the Indictments in each of the three related case [Nos. 2:16-CR-216 GEB, 2:16-CR-224 GEB, 2:16-CR-225 GEB] are alleged to have taken place in multiple counties and multiple federal judicial districts, and are alleged to involve approximately 255 banking transactions. The United

| | |
|---|---|
| 1 | States anticipates relying on several hundred exhibits at trial. |

4. It is hereby STIPULATED and AGREED by and between plaintiff United States of America, on the one hand, and defendant Alyssa Lynn Nakamura Price, on the other hand, through their respective attorneys, that:

    (1) the presently set December 6, 2019 trial confirmation hearing and January 21, 2020 trial date shall be vacated and a status conference set for January 17, 2020, at 9:00 a.m.;

    (2) the Court shall find that this case is unusual and complex, as related to the other three cases, due to the number of defendants (four), and the nature of the prosecution (as described above) that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161;

    (3) the Court shall find that the denial of the requested continuance would deny counsel for each defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

    (4) the Court shall find that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendants in a speedy trial;

    (5) pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 and T4, the Court shall exclude time from the date of the parties' stipulation, December 5, 2019, until the proposed January 17, 2020, status conference from computation of time within which the trial of this matter must be commenced to allow each defense counsel time to prepare his/her client's defense,.

DATED: December 5, 2019                                          MCGREGOR W. SCOTT
                                                                                            United States Attorney

*/s/ Kevin C. Khasigian*
By: KEVIN C. KHASIGIAN
Assistant United States Attorney

DATED: December 5, 2019                                          HEATHER E. WILLIAMS
                                                                                            Federal Public Defender

| | |
|---|---|
| 1 | |
| 2 | */s/ Hannah R. Labaree*<br>By: HANNAH R. LABAREE |
| 3 | Attorney for defendant<br>ALYSSA LYNN NAKAMURA PRICE |
| 4 | |
| 5 | |

ORDER

Pursuant to stipulation of respective counsel for the parties, and good cause appearing therefrom, the Court adopts the stipulation of the parties in its entirety as its ORDER.

The Court hereby finds that:

(1) the case, as related to the other three cases, is unusual and complex due to the number of defendants (four) and the nature of the prosecution (as described above) that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161;

(2) the denial of the requested continuance would deny counsel for each defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and

(3) the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendants in a speedy trial.

Therefore, it is hereby ORDERED that:

(4) the presently set December 6, 2019 trial confirmation hearing and January 21, 2020 trial date shall be vacated and a status conference set for January 17, 2020, at 9:00 a.m; and

(5) pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 and T4, time is excluded from the date of the parties' stipulation, December 5, 2019, until the proposed January 17, 2020, status conference from computation of time within which the trial of this matter must be commenced to allow each defense counsel time to prepare his/her client's defense.

Dated: December 6, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

Stipulation/Proposed Order